the evidence in favor of the plaintiff to be true, does it, together with all legitimate conclusions which may be drawn therefrom, fairly tend to establish plaintiff's cause of action as laid in the declaration? If it does, then the court commits no error in refusing the motion and in permitting the facts to be passed upon by the jury.

4. TRIAL, § 186*—*questions considered on motion to direct a verdict.* On motion to direct a verdict, it is not for the court to consider whether the evidence is weak or strong, or whether or not discredit has been cast upon it by cross-examination. All such matters are for the jury to weigh and pass upon.

5. APPEAL AND ERROR, § 606*—*what necessary to preserve ruling on motion to direct a verdict.* Ruling of court denying a motion to direct a verdict for defendant is preserved by exception taken to the ruling, without the necessity of any further motion, not even the motion for a new trial.

6. APPEAL AND ERROR, § 607*—*when special findings of jury not reviewable.* Special findings of jury are conclusive when not asked to be set aside on motion for a new trial.

---

## W. W. Wilcox Company, Defendant in Error, v. J. E. Ingram, Plaintiff in Error.

### Gen. No. 18,557.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES E. JENNINGS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed December 4, 1913, *nunc pro tunc* as of December 2, 1913. Rehearing denied December 16, 1913.

### Statement of the Case.

Action by W. W. Wilcox Company, a corporation, against J. E. Ingram on a claim for goods sold and delivered, work and materials furnished, money received by defendant for use of plaintiff, interest on divers sums of money and money due on account stated. From a judgment in favor of plaintiff for $368.19, defendant brings error.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

SIMON T. SUTTON and H. J. ROSENBERG, for plaintiff in error; JAMES D. POWER, of counsel.

E. C. FERGUSON, for defendant in error.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

## Abstract of the Decision.

MUNICIPAL COURT OF CHICAGO, § 26*—*when stenographic report improperly filed nunc pro tunc.* Where a stenographic report is presented to and signed by the trial judge within apt time, an order of court entered nearly eight months thereafter permitting it to be filed *nunc pro tunc* as of the day it was presented to and signed by the trial judge is void and of no effect, and the stenographic report may on motion be stricken from the record.

## Louis A. Mangold and William F. Coughenor, trading as Louis A. Mangold & Co., Plaintiffs in Error, v. H. E. King, Defendant in Error.

### Gen. No. 18,650.

1. ATTACHMENT, § 246*—*when verdict may be directed for defendant upon the attachment issue.* In attachment proceeding evidence that defendant withdrew his bank balance and tried to collect other moneys from those who held it subsequent to the dismissal of a prior attachment suit, is not sufficient evidence of itself, to give rise to any legitimate inference of fraud, concealment, etc., and direction of a verdict for defendant *held* proper.

2. MUNICIPAL COURT OF CHICAGO, § 30*—*when refusal of requested instructions not error.* Refusal of requested instructions which so far as they were material and correct were covered by the oral charge of the court, *held* not error.

3. MUNICIPAL COURT OF CHICAGO, § 26*—*when document is sufficient as a statement of facts or stenographic report.* A document purporting to be a correct statement by the judge of "matters pertaining to proceedings at the trial" which "do not otherwise so fully appear of record," including a transcript of all the evidence, the rulings of the court upon the admissibility of evidence the instruc-

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.